# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| DEIAN STANKOV, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PNC BANK, NATIONAL ASSOCIATION, )<br>)<br>Defendant. )<br>) | Civil Action No. _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant PNC Bank, National Association ("PNC"), by counsel, hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 of the removal of the above-captioned case from the Circuit Court for Montgomery County, Maryland to the United States District Court for the District of Maryland. As grounds for removal, PNC states as follows:

### BACKGROUND

1. On or about May 2, 2011, Plaintiff Deian Stankov ("Plaintiff") filed a Complaint for Declaratory Judgment ("Complaint") against PNC in the Circuit Court of Maryland for Montgomery County (the "state court action"). A copy of the Complaint in the state court action is attached as Exhibit A. The state court action was assigned case number 347045V.

2. In his Complaint, Plaintiff alleges that PNC breached a contract by initially approving him for a trial plan under the Home Affordable Modification Program ("HAMP") but ultimately denying him a permanent loan modification. Plaintiff also seeks a declaratory judgment that he qualifies for a modification under HAMP.

3. To the best of PNC's knowledge, service of process has not yet been made, and

PNC is not in possession of any writ of summons. However, PNC became aware of the Complaint on May 4, 2011.

## DIVERSITY

4. This case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). The amount in controversy in this matter exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

5. Plaintiff seeks a judgment in the amount of $1,000,000.00 against PNC. *See* Complaint, prayer for relief at p. 4. This amount in controversy clearly exceeds the $75,000 threshold for diversity jurisdiction.

6. Plaintiff is a citizen of the state of Maryland for purposes of diversity jurisdiction. *See* Complaint at ¶ 1.

7. PNC is a national banking association with its principal place of business in Pennsylvania. Because Plaintiff is a citizen of Maryland, complete diversity exists in this action.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 100(2) and 1441(a) because the United States District Court for the District of Maryland, Greenbelt Division is the federal judicial district and division embracing the state court in which this action was originally filed.

## PROCEDURAL COMPLIANCE

9. Removal of this action is timely. 28 U.S.C. § 1446(b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (deadline to remove runs from the date on which the defendant is first served with a copy of the summons and complaint). In this case,

PNC became aware of the Complaint on May 4, 2011. This Notice of Removal is being filed with the Court on June 2, 2011, *i.e.*, within 30 days after PNC was served with the Complaint.

10. Attached to this Notice of Removal as Exhibit A is a copy of Plaintiff's Complaint, along with the exhibits accompanying the Complaint. The Complaint and exhibits are the only "process, pleadings or orders" received by PNC in this action to date. *See* 28 U.S.C. § 1446(a).

11. PNC is serving upon plaintiff's counsel contemporaneously with this filing a copy of this Notice of Removal.

12. No other defendants have been named in this action.

13. PNC will also file with the Clerk for the state court a Notice of Filing of Notice of Removal, as required by 28 U.S.C. § 1446(d).

14. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is properly removed to this Court.

15. In removing this action to federal court, PNC expressly reserves, and does not waive, any and all rights and defenses that it has or may have.

WHEREFORE, Defendant PNC hereby gives notice that the state court action is removed to this Court.

Respectfully submitted,

June 2, 2011

/s/ Daniel J. Tobin
Daniel J. Tobin (Bar No. 10338)
Hillary G. Benson (Bar No. 17254)
BALLARD SPAHR LLP
4800 Montgomery Lane, 7th Floor
Bethesda, MD 20814-3401
Telephone: (301) 664-6200
Facsimile: (301) 664-6299
tobindj@ballardspahr.com
bensonh@ballardspahr.com
*Attorneys for PNC Bank, National Association*

## CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of June, 2011, I caused a true and correct copy of the foregoing Notice of Removal to be served via first-class mail, postage prepaid, upon the following:

Irwin H. Liptz
Leonard J. Koenick
Kivitz & Liptz, LLC
7979 Old Georgetown Road, Suite 750
Bethesda, MD 20814

*Counsel for Plaintiff*

/s/ Daniel J. Tobin
Daniel J. Tobin

DMEAST #13673438 v1