CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| **DEIAN STANKOV**<br>23403 Brick Hearth Circle<br>Clarksburg MD 20871,<br><br>**Plaintiff**<br><br>V<br><br>**PNC BANK, NATIONAL ASSOCIATION**<br>249 FIFTH AVENUE<br>PITTSBURGH, PA 15222 – 2707<br><br>Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

1. Plaintiff is a resident of Montgomery County, Maryland, residing at the above captioned address.

2. Defendant does business in Montgomery County, Maryland.

### FACTS COMMON TO ALL COUNTS

3. Plaintiff's home at 23403 Brick Hearth Circle, Clarksburg MD is subject to a first deed of trust being serviced by PNC Mortgage, a subsidiary of defendant.

4. Due to plaintiff's personal financial condition, on or about May 17, 2010, he applied for a reduction in his monthly mortgage payment under the Home Affordable Modification Program ("HAMP"), a federal program created as part of the Making Home Affordable Program ("MHAP") in February 2009.

1

5. In order to be considered for HAMP and a reduction in plaintiff's monthly mortgage payment, he completed and provided to defendant all required forms and information.

6. On July 10, 2010, defendant notified plaintiff that he had qualified for participation in HAMP. A copy of the notification letter is attached as Exhibit 1.

7. As the condition of participation in HAMP, defendant stated in the letter that plaintiff was required to make three timely test payments on his mortgage at the reduced rate of $2,615.95 for three months beginning August 1, 2010.

8. Plaintiff made all three payments within the times prescribed by defendant.

9. After making all of the required three payments on time, plaintiff received a letter from defendant dated October 7, 2010 withdrawing the approval given in the letter of July 10, 2010. The stated reason for the reversal of the prior approval was that the guarantor of the loan would not approve the loan modification. A copy of the October 7 letter is attached as exhibit 2.

10. After inquiry by plaintiff, defendant wrote to him on October 29, 2010, listing entirely different reasons for the change. There no longer was any reference to the guarantor of the loan; instead, defendant now claimed plaintiff's income, when compared to his expenses precluded his qualification. A copy of the October 29 letter is attached as exhibit 3.

11. The relevant figures contained in the October 27 letter were incorrect. The letter claimed plaintiff's "Net" income was $8,676.76, which would have given him a ratio under the HAMP guidelines that exceeded the maximum income ratio of 1.2. An additional error contained in the letter was the allegation that the monthly

2

payment listed, $2,619.22 was the amount plaintiff paid for principal and interest on the loan. In fact, that payment was for interest only.

12. The errors in calculation were told to defendant in a letter dated November 9, 2010 from plaintiff's counsel, Irwin H. Liptz, Esquire, to defendant. A copy of the November 9 letter is attached as Exhibit 4.

13. On December 23, 2010, defendant responded to the letter from Mr. Liptz, again refusing to alter their decision reversing their original approval. A copy of the December 23 letter is attached as Exhibit 5.

14. On January 13, 2011, Mr. Liptz responded to the December 23, 2010 letter, pointing out the continuing errors of calculation by defendant. Defendant, in that letter was also advised that the ratio they were apparently relying on was not a part of the MHAP regulations and, in fact, was so arbitrary, that it would be impossible to meet the ratio requirement. A copy of the January 13, 2011 letter is attached as Exhibit 6.

15. By letter dated March 31, 2011, defendant notified plaintiff that defendant it was initiating foreclosure proceedings and referring the matter to its foreclosure counsel. A copy of the March 31, 2011 letter is attached as Exhibit 7.

16. By letter dated April 14, 2011, defendant's foreclosure counsel, wrote plaintiff it had been instructed to begin foreclosure proceedings. A copy of the April 14 letter is attached as Exhibit 8.

## COUNT 1 – DECLARATORY JUDGMENT

17. Plaintiff realleges paragraphs 3 through 16.

18. Plaintiff has complied with all requirements to be accepted into HAMP and meets all required criteria.

WHEREFORE, plaintiff requests this court to issue a Declaratory Judgment declaring plaintiff is eligible and qualified for acceptance into HAMP with the judgment specifically stating:

a. That plaintiff fully qualifies for acceptance in HAMP;

b. That the effective date of is acceptance in HAMP is October, 2010 with the interest rate in effect at that time; and

c. That defendant be instructed to remove all negative credit references occasioned by the wrongful denial of acceptance into HAMP

## COUNT 2 – BREACH OF CONTRACT

19. Plaintiff realleges paragraphs 3 through 16.
20. Plaintiff relied to his detriment on defendant's letter accepting him into the HAMP by making the three test payments in a timely manner as required by defendant.
21. Defendant's revoking their approval constitutes a breach of contract due to detrimental reliance.
22. Defendant's breach of contract has damaged plaintiff by clouding the title to his home, damaged, his credit rating, and caused him to incur counsel fees.

WHEREFORE, plaintiff demands judgment against plaintiff in the amount of One Million Dollars ($1,000,000.00), plus costs.

## JURY DEMAND

Plaintiff demands trial by jury on all jury demandable issues.

Respectfully submitted,

_____
Irwin H. Liptz, Esquire
Leonard J. Koenick, Esquire
KIVITZ & LIPTZ, LLC
7979 Old Georgetown Rd., Ste 750
Bethesda MD 20814
301-951-3400
Kivitzliptz2@comcast.net

5